IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 605-017 |
| | * | |
| TABATHA JAMES | * | |

**O R D E R**

Presently before the Court is Tabatha James' Motion for Expungement. (Doc. 96.) On September 16, 2005, Ms. James was indicted for distribution of cocaine base (crack). (Doc. 1.) On February 21, 2006, the Indictment against Ms. James was dismissed without prejudice based on her cooperation, minimal role in the offense, and efforts at rehabilitation. (Doc. 85.) Ms. James, a recent college graduate, now seeks to have the charge expunged from her record because she is facing difficulty securing employment with the charge on her record.

In this Circuit, courts have consistently held that "[t]here is no specific constitutional or general statutory right to expungement." United States v. Goodrich, No. 94-8054-CR, 2008 WL 398950, at *1 (S.D. Fla. Feb. 12, 2008); United States v. Aja, No. CR407-029, 2010 WL 1813786, at *1 (S.D. Ga. May 5, 2010). "To the extent the district courts have authority to grant expungement, the Court's privilege to expunge matters of public record is one of exceedingly narrow scope." Aja, 2010 WL 1813786 at *1 (internal quotations omitted).

Other courts have considered the following factors in deciding whether expungement is appropriate:

[1] when mass arrests render judicial determination of probable cause impossible . . . [2] when a court determines that the sole purpose of the arrest was to harass the defendant . . . [3] where the police misused the police records to the detriment of the defendant . . . [4] where the arrest was proper but was based upon a statute later declared unconstitutional . . . [5] when the expungement of criminal records is necessary to preserve basic legal rights.

United States v. Woods, No. 08-20267-CR, 2013 WL 3189081, at *2 (S.D. Fla. June 20, 2013) (quoting United States v. Johnson, 714 F. Supp. 522, 524 (S.D. Fla. 1989)) (alteration in original).

While the Court applauds Ms. James for her educational success and understands her frustration, she has not presented any evidence to support expungement beyond her difficulty obtaining employment. "Such consequences do not rise to the level of extreme circumstances which will justify expungement" as "[t]he term 'extreme circumstances' encompasses things like an unconstitutionally obtained indictment, arrest and/or conviction." Aja, 2010 WL 1813786 at *1 (internal quotations omitted). Accordingly, Ms. James' Motion for Expungement (Doc. 96) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 7th day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA